```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
HESS OIL VIRGIN ISLANDS CORP. &                              :
SUBSIDIARIES                                                 :
                                                             :
                              Plaintiff,                     :
              -v-                                            :    14-CV-10114 (JPO)
                                                             :
THE GOVERNMENT OF THE UNITED                                 :    OPINION AND ORDER
STATES VIRGIN ISLANDS and THE VIRGIN                         :
ISLANDS BUREAU OF INTERNAL                                   :
REVENUE,                                                     :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ X
```

J. PAUL OETKEN, District Judge:

  Plaintiff, Hess Oil Virgin Islands Corp. & Subsidiaries ("HOVIC"), brings this action against Defendants the Government of the United States Virgin Islands (the "Government") and the Virgin Islands Bureau of Internal Revenue (the "BIR," and together with Government, the "Virgin Islands"), seeking to recover alleged overpayments in income taxes to the BIR. Defendants move to dismiss the action, and Plaintiff moves to stay the action. The Court heard oral argument on June 24, 2015.

  Under 28 U.S.C. § 1346(a)(1), "[t]he district courts shall have original jurisdiction . . . of [a]ny civil action against the United States" for tax refund claims. This suit presents an issue of first impression for federal courts: does the Virgin Islands qualify as "the United States" within the meaning of that provision (as Plaintiff argues) in light of the unique "mirror" tax structure applicable to the Virgin Islands? For the reasons that follow, the Virgin Islands does not so qualify and, therefore, the Court lacks subject matter jurisdiction over this action. Defendants' motion to dismiss is accordingly granted, and Plaintiff's motion for a stay is denied as moot.

I.      Background

    A.      Factual Background

HOVIC is a holding company and subsidiary of Hess Corporation, an oil and gas company based in the United States.  (Dkt. No. 1 ("Compl.") ¶ 6.)  HOVIC is a fifty-percent partner in HOVENSA, LLC ("Hovensa"), a joint venture established in 1998 to own and operate a refinery on St. Croix in the Virgin Islands.  (*Id.* ¶ 1.)  HOVIC is formed under the laws of the Virgin Islands and has its principal place of business in New York, New York.  (*Id.* ¶ 6.)

For some time, it appears, the joint venture was profitable.  In its 2006 and 2007 tax returns, HOVIC reported taxable income of approximately $158 million and $88 million, respectively.[1]  (*Id.* ¶¶ 14–15.)  But between 2008 and 2011, Hovensa suffered losses in excess of $1 billion for financial accounting purposes.  (*Id.* ¶ 1.)  In 2012, the refinery shut down operations entirely.  (*Id.*)

In April 2011, HOVIC filed amended tax returns for 2006 and 2007, seeking a total refund of approximately $84 million based on a carryback of tax losses incurred in the 2008 and 2009 years.  (*Id.* ¶¶ 19–20.)  HOVIC filed one tax refund claim for 2006, and two claims for 2007.  (*Id.*)  The BIR denied all of the claims.[2]

    B.      Procedural History

HOVIC filed this action on December 24, 2014.  (Dkt. No. 1.)  The Virgin Islands filed a motion to dismiss the complaint on March 16, 2015.  (Dkt. No. 23.)  HOVIC filed a motion to stay the proceedings, along with an opposition to the motion to dismiss, on April 2, 2015.  (Dkt.

---

[1] HOVIC "was the common parent of an affiliated group of corporations" that filed consolidated tax returns in the Virgin Islands for the years 2006 through 2009.  (Compl. ¶ 7.)

[2] At the time the Complaint was filed, the BIR had denied the 2006 claim and one of the 2007 claims, but had not yet responded to the other 2007 claim.  (Compl. ¶¶ 21, 23.)  It appears that the BIR has since denied this claim as well.  (*See* Dkt. No. 34, Ex. B.)

2

No. 28.)  The Virgin Islands filed a reply in support of its motion on April 13, 2015 (Dkt. No. 37), and a response to HOVIC's motion to stay on April 17 (Dkt. No. 38).  HOVIC then filed a reply in support of its motion on April 24.  (Dkt. No. 39.)

HOVIC seeks a stay on the basis that it has a pending petition in the District Court of the Virgin Islands (sitting as the Tax Court) challenging a notice of deficiency issued by the BIR for the 2008 tax year and seeking a redetermination of income tax for that year.  (Dkt. No. 33, at 2–3.)  HOVIC contends, accordingly, that the outcome of proceedings in the Virgin Islands may affect the outcome in this case.  (*Id.* at 1.)  The Virgin Islands does not oppose a stay of proceedings, but contends that the motion to dismiss should be resolved first.  (Dkt. No. 38, at 1–2.)

## II.     Subject Matter Jurisdiction

The Virgin Islands seek dismissal of this action on four grounds: lack of subject matter jurisdiction, lack of personal jurisdiction, lack of venue, and forum non conveniens.  Because the Court concludes that it lacks subject matter jurisdiction, it does not reach the remaining grounds for dismissal.

"Generally, a claim may be properly dismissed for lack of subject matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it." *Kingsley v. BMW of N. Am. LLC*, 12-CV-234, 12-CV-350 (JPO), 2012 WL 1605054, at *2 (S.D.N.Y. May 8, 2012) (Oetken, J.).  "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).  At the same time, the court has "the power and obligation" to decide disputed jurisdictional facts by reference to materials outside the pleadings, including affidavits.  *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (internal quotation marks omitted).

In that case, the party asserting subject matter jurisdiction bears the burden of proving it by a preponderance of the evidence. *Tandon*, 752 F.3d at 243 (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

### A. Background

A brief review of the Virgin Islands' relationship to the United States, judicial system, and unique taxation scheme is helpful before turning to an analysis of subject matter jurisdiction.

#### 1. The Status of the Virgin Islands and its Judicial System

The Virgin Islands is an unincorporated territory of the United States. Like the other unincorporated territories,[3] it does not enjoy the same sovereign independence that states do. *Bluebeard's Castle, Inc. v. Government of Virgin Islands*, 321 F.3d 394, 400 (3d Cir. 2003). Instead, the Virgin Islands subject to the "broad power" of Congress under Article IV, section 3 of the United States Constitution,[4] which gives Congress sovereignty over territories and empowers it "to legislate for a territory with respect to all subjects upon which the legislature of a state might legislate within the state." *Id.* at 397 (quoting *Harris v. Boreham*, 233 F.2d 110,

---

[3] The other unincorporated, inhabited, territories are Guam, the Northern Mariana Islands, American Samoa, Puerto Rico. *See* Christina Duffy Burnett, *Untied States: American Expansion and Territorial Deannexation*, 72 U. CHI. L. REV. 797, 805 n.23 (2005) (listing the territories, but noting that referring to the Northern Mariana Islands and Puerto Rico as "unincorporated" is "controversial . . . since these terms are taken to evoke a phase of formal colonial rule that supposedly ended for Puerto Rico in 1952, when the island became the 'Commonwealth of Puerto Rico,' *see* Joint Resolution Approving the Constitution of the Commonwealth of Puerto Rico, Pub. L No. 447–567, 66 Stat 327 (1952), and for the Marianas in 1976, when they became the 'Commonwealth of the Northern Mariana Islands,' *see* Joint Resolution to Approve the 'Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America,' Pub L No 94–241, 90 Stat 263 (1976), codified at 48 USC § 1801 (2000).).

[4] "The Congress shall have power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State." U.S. Const., Art. IV, § 3, cl. 2.

113 (3d Cir. 1956)); *see also Brow v. Farrelly*, 994 F.2d 1027, 1032 (3d Cir. 1993) ("[Article VI] empowers Congress to establish all necessary rules and regulations concerning the unincorporated territory of the Virgin Islands . . . .").

It is well established that Congress may also "delegate to a territory such of these powers as it sees fit." *Harris*, 233 F.2d at 113. It possesses the authority to "create a territorial government" for an unincorporated territory and "confer upon it an autonomy similar to that of states." *Id.* at 114. And it has done so for the Virgin Islands. In 1936, Congress enacted the first Revised Organic Act of the Virgin Islands. *Id.* at 114–16; *Brow*, 994 F.2d at 1032. Congress subsequently replaced that act with the Revised Organic Act of 1954 (the "Revised Organic Act"), Act of July 22, 1954, ch. 558, 68 Stat. 497 (codified as amended at 48 U.S.C. §§ 1541 *et seq.* (1988)). *Brow*, 994 F.2d at 1032. The Revised Organic Act "is the Virgin Islands' equivalent of a constitution" and is accordingly "the body of law that defines the jurisdictional boundaries of the Virgin Islands courts." *Id.* The Revised Organic Act speaks to the jurisdiction of the District Court of the Virgin Islands, established by Congress pursuant to Article IV. *Birdman v. Office of the Governor*, 677 F.3d 167, 175 (3d Cir. 2012).

Prior to 1984, when Congress amended the Revised Organic Act, there was "considerable overlap" between the jurisdiction of the District Court of the Virgin Islands and the Territorial Court (now known as the Superior Court) of the Virgin Islands. *Id.*; *Edwards v. HOVENSA, LLC*, 497 F.3d 355, 358 (3d Cir. 2007) ("Under the 1954 Revised Organic Act, the District Court of the Virgin Islands had jurisdiction over federal questions, regardless of the amount in controversy, and general original jurisdiction over questions of local law, subject to the exclusive jurisdiction of the local courts over civil actions where the amount in controversy was less than $500." (internal quotation marks and citation omitted)). The 1984 amendments gave the District Court the jurisdiction of an Article III district court, and allowed the Virgin Islands legislature to

divest the District Court of jurisdiction in favor of the Superior Court over certain kinds of actions, which it did in 1990. *Birdman*, 677 F.3d at 175. "In effect, the relationship between the District Court and the Superior . . . Court, both of which are Article IV courts, now somewhat resembles the relationship between Article III federal district courts and state courts." *Id.* (citing *Edwards*, 497 F.3d at 358).

> The relevant section of the Revised Organic Act, as amended, reads as follows:
>
> The District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States, including, but not limited to, the diversity jurisdiction provided for in section 1332 of Title 28, and that of a bankruptcy court of the United States. *The District Court of the Virgin Islands shall have exclusive jurisdiction over all criminal and civil proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands*, regardless of the degree of the offense or of the amount involved . . . .

48 U.S.C. § 1612(a) (emphasis added). In a recent case, the Third Circuit was required to interpret the scope of the District Court's "exclusive jurisdiction" in the context of this statutory provision. *See Birdman*, 677 F.3d 167. The *Birdman* plaintiffs brought suit in the District Court of the Virgin Islands, against the Virgin Islands and the United States, seeking a tax refund. *Id.* at 169. The District Court dismissed the claims against the Virgin Islands, severed the claims against the United States, and transferred the latter to the Southern District of Florida. *Id.* at 171. The plaintiffs sought to compel the District Court of the Virgin Islands to accept jurisdiction and venue, and petitioned the Third Circuit for a writ of mandamus. They argued that the "exclusive jurisdiction" provision in 48 U.S.C. §1612(a) divests *all* other federal courts of jurisdiction over proceedings "with respect to the income tax laws applicable to the Virgin Islands." *Id.* at 174. The Third Court denied the petition, explaining that the District Court's exclusive jurisdiction applies only to "proceedings *in the Virgin Islands*." *Id.* at 176–77. The court held, therefore, that the District Court has exclusive jurisdiction over these proceedings vis-à-vis local courts in the Virgin Islands, but not vis-à-vis other federal district courts. *Id.* The Third Circuit did not,

however, express a view on the issue presented here: whether an Article III district court has subject matter jurisdiction over a tax refund claim against the Virgin Islands.

### 2. The "Mirror Code"

The tax system in the Virgin Islands and certain other territories is a "mirror" system. The Virgin Islands' system was established by the Naval Appropriations Act of 1921, which reads, in relevant part:

> The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands.[5]

Naval Appropriations Act of 1921, ch. 44, § 1, 42 Stat. 123 (codified as amended at 48 U.S.C. § 1397 (1987)). The statute therefore creates a separate tax structure for the Virgin Islands that is designed to "mirror" the provisions of the Internal Revenue Code ("IRC").

"Cracks sometimes appear when one jurisdiction's laws mirror another's, and courts have developed three rules of construction to guide the mirroring mechanism." *Chase Manhattan Bank, N.A. v. Government of Virgin Islands*, 300 F.3d 320, 322 (3d Cir. 2002). The first is the "substitution principle," pursuant to which "Virgin Islands" is substituted in place of "United States" in the IRC. *Id.*; *Danbury, Inc. v. Olive*, 820 F.2d 618, 620 (3d Cir. 1987) (citing *HMW Indus. v. Wheatley*, 504 F.2d 146, 150 (3d Cir. 1974)). The second is the "equality principle," which "dictates that the tax burden on individuals in the Virgin Islands be equivalent to what the United States would collect on the same income if the taxpayer resided in the United States." *Chase*, 300 F.3d at 322; *Danbury*, 820 F.2d at 621 (citing *Vitco, Inc. v. Government of Virgin*

---

[5] The statute continues as follows: "Provided further, That, notwithstanding any other provision of law, the Legislature of the Virgin Islands is authorized to levy a surtax on all taxpayers in an amount not to exceed 10 per centum of their annual income tax obligation to the government of the Virgin Islands."

*Islands*, 560 F.2d 180, 185 (3d Cir. 1977)).  Finally, under the "manifest incompatibility principle," the IRC does not apply to Virgin Islands tax law where doing so is "manifestly inapplicable or incompatible with a separate territorial income tax."  *Chase*, 300 F.3d at 322 (quoting *Abramson Enters. v. Gov't of the Virgin Islands*, 994 F.2d 140, 142 (3d Cir. 1993)) (internal quotation marks omitted).

      **B.**      **Analysis**

      HOVIC contends that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1):

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

HOVIC argues that jurisdiction is proper because "Virgin Islands" comes within the meaning of "United States" in § 1346.  It offers two separate arguments in support of this proposition.  First, HOVIC argues that § 1346 is incorporated into the IRC—and therefore the Virgin Islands' mirror code—by virtue of a cross-reference to § 1346 in the IRC.  Second, HOVIC argues that, as a matter of statutory interpretation, "United States" in § 1346 includes instrumentalities of the United States, such as the Virgin Islands.  Neither contention is persuasive.

      First, HOVIC makes too much of the IRC's cross-reference to § 1346.  HOVIC is arguing, effectively, that the substitution principle commands that "United States" be replaced with "Virgin Islands" in § 1346.  But the substitution principle, as noted above, is confined in its application to provisions of the Internal Revenue Code.  *See, e.g.*, *Danbury*, 820 F.2d at 620 (noting that "'Virgin Islands' is in effect substituted for 'United States' (and vice versa) in the Internal Revenue Code"); *Vento v. Dir. of Virgin Islands Bureau of Internal Revenue*, 715 F.3d

455, 465 (3d Cir. 2013) (referring to the "mirror code" as the statutory scheme "under which the Internal Revenue Code is applied to the Virgin Islands merely by substituting 'Virgin Islands' for 'United States' throughout"). The relevant IRC provision here, 26 U.S.C. § 7422(k)(3), states in full: "For jurisdiction of United States district courts, see section 1346 of Title 28 of the United States Code." This reference to § 1346 is merely that: a reference. The IRC does not purport to adopt or incorporate § 1346. It follows that the substitution principle has no application to § 1346, and it is not incorporated into the mirror code.[6]

Second, it does not follow from the fact that the Virgin Islands is an unincorporated territory that "United States" in § 1346 should be read to mean the Virgin Islands. HOVIC points to *Smith v. Virgin Islands Port Auth.*, No. Civ. 2002-227, 2005 WL 15459 (D.V.I. Jan. 2, 2005), *aff'd*, 457 F. App'x 183 (3d Cir. 2012), in which the court held that the Government of the Virgin Islands and the Virgin Islands Port Authority fall within the meaning of "United States" in a provision of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). The court reasoned that, because the Virgin Islands is a "congressionally-created

---

[6] HOVIC cites *O'Brien v. Calvo*, 12-CV-2700 (ARR) (MDG), 2013 WL 1247521 (E.D.N.Y. Mar. 27, 2013), in support of its position. The plaintiff in *O'Brien* sued the United States and the Guam Department of Revenue and Taxation, among other Guamanian defendants, for a tax refund. *Id.* at *1. The Guamanian defendants moved to transfer venue to the District of Guam. The court denied the motion. It reasoned that because jurisdiction was supplied by § 1346, a provision cross-referenced in the IRC, the relevant venue provision was 28 U.S.C. § 1402(a). *Id.* at *4. Under that provision, the court found, venue was proper in the Eastern District of New York. *Id. O'Brien* is distinguishable, however, on two grounds. First, because the United States was a co-defendant in that case, the venue analysis was different than it is here. *O'Brien*, 2013 WL 1247521, at *3 ("It is clear that suits for refund of income taxes may be filed only against the United States and that venue must be laid in the judicial district in which the individual bringing the action resides.") (internal quotation marks and citations omitted). Second, the *O'Brien* court concluded that the plaintiff lacked standing and, therefore, its venue analysis can be considered dicta. In any event, to the extent that the *O'Brien* decision could be read to support HOVIC's position here, this Court disagrees.

instrument of the United States," it is also exempt from compliance with Title I of the ADA.[7]  *Id.* at 10.  But even if it were true that the Virgin Islands is a mere instrumentality of the United States, such that "United States" should be read to include the Virgin Islands in some statutes, that logic has little force in the domain of taxation, because Congress has elected to establish a separate and independent tax system in the Virgin Islands.  *See, e.g.*, *HMW Indus.*, 504 F.2d at 150 (noting that Congress "create[d] a separate taxing structure for the Virgin Islands"); *Dudley v. C.I.R.*, 258 F.2d 182, 185 (3d Cir. 1958) (remarking that "the United States and the Virgin Islands are distinct taxing jurisdictions").  Had Congress meant to include the Virgin Islands in § 1346's reference to "United States," it would have said so clearly.

There are other reasons to conclude that § 1346 does not give this Court subject matter jurisdiction over this action.  For one, there is a strong interest in the development of a coherent and uniform body of Virgin Islands tax law.  *See Birdman*, 677 F.3d at 177 ("[T]he need for uniformity of decision applies with special force in tax matters." (quoting *Wash. Energy Co. v. United States,* 94 F.3d 1557, 1561 (Fed. Cir. 1996) (internal quotation marks omitted))).  That interest in uniformity is obviously undermined by permitting any district court in the United States to resolve issues of Virgin Islands tax law.  Moreover, to side with HOVIC here would result in the inequitable outcome that the Virgin Islands could be required to defend itself against tax refund claims anywhere in the United States.  That is far less of a burden on the United States Government than it is on the Virgin Islands, and again, Congress likely would have spoken clearly had that been its intention.  Finally, the general structure of the Virgin Islands tax system—a regime, as the Third Circuit has noted, that Congress has treated "with much of the independence of state law," *Bluebeard's Castle*, 321 F.3d at 401—suggests that jurisdiction over

---

[7] Title I exempts from compliance "the United States, a corporation wholly owned by the government of the United States, or an Indian tribe."  42 U.S.C. 12111(5)(B)(i).

these claims is best left with, and only with, the District Court of the Virgin Islands. Indeed, the fact that HOVIC is litigating tax disputes against the Virgin Islands in two jurisdictions simultaneously—it was required to bring its petition for redetermination of tax deficiencies in the District Court of the Virgin Islands, sitting as the Tax Court (*see* Dkt. No. 33, at 3)—suggests that the proper forum for tax refund claims against the Virgin Islands is that territory's district court. In sum, considerations of text, structure, uniformity, and equity support the conclusion that 28 U.S.C. § 1346(a)(1) does not give this Court subject matter jurisdiction over this action.

### III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED and Plaintiff's motion to stay is DENIED as moot. The Clerk of Court is directed to close the motions at docket numbers 23 and 28, and to close this case.

SO ORDERED.

Dated: July 2, 2015
       New York, New York

_____
J. PAUL OETKEN
United States District Judge